# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMIRA BERILO, an individual, | Case No.: 2:09-cv-02353-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#15; Motion to Dismiss All Remanded Claims–#40) |
| HSBC MORTGAGE CORPORATION, USA, doing business as HSBC BANK USA N.A.; WELLS FARGO BANK, N.A., doing business as AMERICA'S SERVICING COMPANY; NATIONAL DEFAULT SERVICING CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOE Defendants I through X, inclusive; and ROE CORPORATIONS A through Z, inclusive, | |
| Defendants. | |

Before the Court is Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), also known as America's Servicing Company, and HSBC Bank, USA N.A.'s ("HSBC") **Motion to Dismiss** (#15), filed December 30, 2009. The Court has also considered Plaintiff Amira Berilo's Opposition (#27), filed January 21, 2010.

Also before the Court is Wells Fargo and HSBC's **Motion to Dismiss All Remanded Claims** (#40), filed June 1, 2010. The Court has also considered Berilo's Opposition

1

(#50), filed June 18, 2010, along with Wells Fargo and HSBC's Reply (#51), filed June 28, 2010. Because this motion makes the same arguments and asks for the same relief, the Court considers the motions jointly.

**BACKGROUND**

In April 2007, Berilo purchased the real property located at 6723 Oxendale Avenue in Las Vegas, Nevada. Berilo financed this purchase through a mortgage loan from SFG Mortgage (who is not a party in this case). Wells Fargo acted as a loan servicer through its servicing branch known as America's Servicing Company, but was not involved in the loan origination. Berilo eventually defaulted on her mortgage obligation causing a notice of default and election to sell to be recorded against the property on June 18, 2009. On or about September 15, a realtor placed a notice (the "Eviction Notice") on Berilo's home containing the following language: "The bank has foreclosed on your home and you are now legally considered a trespasser. You must vacate the property immediately." (Dkt. #1, Pet. for Removal Ex. A, Compl. ¶ 57.) As of the date of the Eviction Notice, Berilo claims she was not given any other form of notice of trustee sale, nor had a trustee sale actually occurred.

On September 22, three documents were recorded with the Clark County Recorder pertaining to Berilo's property: a substitution of trustee naming Defendant National Default Servicing Corporation ("NDS Corp.") as trustee; an assignment wherein HSBC received all beneficial interest in the deed of trust and the property; and a notice of trustee sale informing Berilo of the impending trustee sale scheduled for October 12.

On November 25, Berilo filed suit against Defendants in the Eighth Judicial District Court of the State of Nevada. On December 11, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") removed the lawsuit to this Court based on the diversity of the parties. Three weeks later, Wells Fargo and HSBC filed a Motion to Dismiss Berilo's complaint.

In late 2009, the United States Judicial Panel on Multi-District Litigation ("Panel") consolidated numerous cases in which plaintiffs allege that MERS engaged in improper business

1   practices when processing home loans. *In re: Mortgage Electronic Registration Systems (MERS)*
2   *Litigation*, MDL No. 09-2119-JAT ("MERS MDL").  The Panel assigned Judge Teilborg in the
3   District of Arizona to oversee the MERS MDL.  The Panel later added numerous cases from the
4   District of Nevada to the MERS MDL, including the case at bar, but only as to those individual
5   claims that "relate to the formation and/or operation of MERS."  (Dkt. #31, Conditional Transfer
6   Order, Feb. 16, 2010.)  The Panel further indicated that Judge Teilborg would separate and remand
7   any unrelated claims back to the original district court.   In the interim, the Court stayed all
8   proceedings in this case. (Dkt. #34, Order, Apr. 16, 2010.)

On May 17, 2010, Judge Teilborg remanded various claims in each case.  (Dkt.
10  #37, MDL Order.)  In this case, six of Berilo's claims were remanded to this Court: unfair lending
11  practices; wrongful foreclosure; unjust enrichment; breach of good faith and fair dealing;
12  injunctive relief; and declaratory relief.  On June 11, the parties stipulated to dismiss the remanded
13  claims against MERS.  (Dkt. #49, Order, Jun. 14, 2010.)  Wells Fargo, HSBC, and NDS Corp.
14  remain as defendants to the remanded claims.

15  The Court now considers Wells Fargo and HSBC's Motion to Dismiss (#15), which
16  was pending before the case was transferred to the MERS MDL, and Motion to Dismiss All
17  Remanded Claims (#40), filed subsequent to the remand.  For the reasons discussed below, the
18  Court now grants the motions in part and denies them in part.

19                              **DISCUSSION**
20  **I.    Motion to Dismiss**
21  A court may dismiss a Plaintiff's complaint for "failure to state a claim upon which
22  relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short
23  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.
24  8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require
25  detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic
26  recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. At 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the Defendant is liable for the alleged misconduct. *Id*. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

**A.   Unfair Lending Practices**

Berilo alleges Defendants violated Nevada's Unfair Lending Practices Statute, NRS 598D.100. This statute reads: "[i]t is an unfair lending practice for a lender to . . . knowingly or intentionally make a home loan . . . without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b) (2007). A plain reading of the statute indicates NRS 598D.100(1)(b) applies only to a party that "make[s] a home loan," not a party who is merely a lender under the definition provided in NRS 598D.050. Thus, to state a valid claim for unfair lending practices, a plaintiff must allege that a defendant is a lender under the statutory definition and made the loan in question. A plain reading of NRS 598D.100(1)(b) suggests that successors in interest to the loan originator (or a loan

servicer) cannot incur liability for a violation because this statute only apples to circumstances surrounding the origination of a loan.

Berilo has not stated a valid claim against Wells Fargo or HSBC under this provision because neither lender made the loan in question. Contrary to Berilo's assertion, only a defendant who actually makes a loan has an opportunity to "knowingly or intentionally" engage in unfair lending practices. Here, Berilo states that the original mortgage lender was SFG Mortgage. (Compl. ¶ 47.) The Court cannot draw a reasonable inference that Defendants knew or should have known of SFG Mortgage's alleged predatory lending from Berilo's conclusory allegations. Because neither Wells Fargo or HSBC was the lender who made the loan, Berilo has not stated a valid claim against them for unfair lending. The Court therefore dismisses Berilo's claim for unfair lending practices.

**B.     Wrongful Foreclosure Under NRS 107.080**

In her Complaint, Berilo alleges wrongful foreclosure under NRS 107.080. Nevada recognizes the tort of wrongful foreclosure where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon their property when the homeowner was not in default on the mortgage loan. *See Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). However, Berilo does not dispute her delinquency on the mortgage payments. Instead, she argues Defendants' exercise of the power of sale was improper because NDC Corp. had no right to file the notice of default and election to sell, and also because the Eviction Notice was posted prior to the notice of trustee sale. The procedure for conducting a trustee's foreclosure sale in Nevada is set forth in NRS 107.080 *et seq*. Although NRS 107.080 does not provide plaintiff homeowners with a private right of action for tort damages, it does allow a court to void a trustee sale if, *inter alia*, the person or entity that conducted the sale did not substantially comply with the statute. NRS 107.080(5)(a). Accordingly, the Court interprets this claim as a request to void the trustee sale as a result of Defendants' substantial non-compliance with NRS 107.080.

1    Taking her allegations as true, Berilo does not state a claim upon which relief can
2 be granted. Berilo alleges NDC Corp. had no right to file the notice of default because the
3 substitution naming it as trustee had not yet been filed. However, she has failed to cite any
4 authority under Nevada law to support this assertion. NRS 107.080 does not require that a
5 particular party—trustee, beneficiary, or their assigns—record notices of default or trustee sale.
6 Consequently, nothing prevents an authorized agent from recording a notice of default. Nor does
7 Nevada law require a substitution of trustee be recorded prior to a notice of default. *See Croce v.*
8 *Trinity Mortgage Assurance Corporation, et al.*, Case No. 2:08-cv-01612-KJD-PAL, 2009 U.S.
9 Dist. WL 3172119, *5 (D. Nev. Sept. 28, 2009). NDS Corp. recorded the notice of default as an
10 authorized agent of the loan servicer, America's Servicing Company. Thus, allegations regarding
11 the identity of the party who records notices and the timing of the substitution cannot create
12 actionable claims.
13    Second, Berilo's additional allegation regarding the timing of the Eviction Notice
14 fails because NRS 107.080 does not regulate the timing of such notice. NRS 107.080 provides the
15 timing of a notice of breach and election to sell (Section 2) and notice of trustee sale (Section 3); it
16 does not however contemplate any type of eviction notice. Berilo does not allege Defendants
17 failed to record or improperly recorded a notice of breach and election to sell or notice of trustee
18 sale, rather she gives the dates the notices were filed, June 18 and September 22, 2009,
19 respectively. (Compl. ¶¶ 55, 63.) This allegation thus fails because it involves the timing of a
20 notice that is not regulated by NRS 107.080. Accordingly, the Court dismisses Berilo's claim
21 against Wells Fargo and HSBC for wrongful foreclosure under NRS 107.080.
22    **C.    Unjust Enrichment**
23    "An action based on a theory of unjust enrichment is not available when there is an
24 express, written contract, because no agreement can be implied when there is an express
25 agreement." *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182,
26 187 (1997) (citing Am. Jur. 2d Restitution § 6 (1973)). Berilo cannot show an actionable claim for

AO 72
(Rev. 8/82)

unjust enrichment because the express contract for Berilo's mortgage loan precludes her claim. The Court therefore dismisses this claim.

**D.     Bad Faith**

Finally, Berilo alleges a claim for bad faith. In Nevada, courts have treated claims for bad faith as claims for breach of the covenant of good faith and fair dealing. *See Morris v. Bank of Am. Nevada*, 886 P.2d 454, 456 (Nev. 1994). Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). Damages may be awarded against a defendant that performs a contract in a manner that is unfaithful to the contract's purpose or where a defendant deliberately contravenes the intention and spirit of the contract thus denying plaintiff's justified expectations. *Morris*, 886 P.2d at 457; *Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (Nev. 1991). "Whether the controlling party's actions fall outside the reasonable expectations of the dependent party is determined by the various factors and special circumstances that shape these expectations." *Hilton Hotels*, 808 P.2d at 923–24.

Berilo claims Defendants acted in bad faith because they posted a misleading Eviction Notice that incorrectly stated the legal status of her home. Under Nevada law, a valid trustee sale terminates all legal interest of the debtor in the property. *Charmicor, Inc. v. Bradshaw Fin. Co.*, 550 P.2d 413, 414 (Nev. 1976). If a homeowner fails to redeem his defaulted property before the trustee sale is complete and the highest bidder tenders payment, and he loses all equitable interest in property. *See* NRS 107.080(5); *In re Kleitz*, 6 B.R. 214, 218 (Bankr. D. Nev. 1980). Thus, notice of an impending trustee sale can facilitate a homeowner's equity of redemption. "An equity of redemption is a final opportunity which equity affords a debtor who has conveyed his property for security, and has defaulted and suffered foreclosure, to pay the indebtedness and such amounts of interest and costs as will make the creditor whole, and thereby

/

7

1 save his property." *In re Grant*, 303 B.R. 205, 209 (Bankr. D. Nev. 2003) (citing *McCall v.
2 Carlson*, 172 P.2d 171, 189 (Nev. 1946)).

3       The Court finds that Berilo has stated a plausible claim for breach of the covenant of
4 good faith and fair dealing. Accepting her allegations as true, Berilo sufficiently alleges that
5 Defendants performed in a manner that deliberately contravened contract's intention and spirit thus
6 denying her justified expectations. Berilo claims the Eviction Notice was posted on her home on
7 or about September 15, 2009, informing her "the bank has foreclosed on your home and you are
8 now legally considered a trespasser. You must vacate the property immediately." (Compl. ¶ 57.)
9 However, a notice of trustee sale was not recorded at this time—Defendants did not do so until
10 September 22. Nor had a trustee sale actually occurred as the Eviction Notice suggested—a trustee
11 sale did not take place until mid-October. Relying on the Eviction Notice's representations, Berilo
12 alleges she prematurely stopped pursuing alternatives to foreclosure. Until the auction hammer
13 dropped and a bidder tendered payment, Berilo had a right to exercise the equity of redemption and
14 save her property. This was a justified expectation because the equity of redemption is well-
15 established under Nevada law. The Court can reasonably infer that the Eviction Notice caused
16 Berilo to believe she could no longer redeem her property thus contravening the contract's spirit
17 and purpose—home ownership. Accordingly, the Court denies the motion to dismiss this claim.

18       **G.    Injunctive Relief and Declaratory Relief**

19       Because Berilo has stated a valid claim for bad faith, the Court declines to dismiss
20 her petition for declaratory and injunctive relief at this time.

21 /
22 /
23 /
24 /
25 /
26 /

8

AO 72
(Rev. 8/82)

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Wells Fargo Bank and HSBC's Motion to Dismiss (#15) and Motion to Dismiss All Remanded Claims (#40) are GRANTED as to unfair lending, wrongful foreclosure under NRS 107.080, and unjust enrichment; and DENIED as to bad faith, injunctive and declaratory relief.

Dated: June 29, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)